PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARTON H. RIPPL, ) | |
| ) | CASE NO. 1:19CV2155 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF STATE, *et al.* ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondents. ) | **AND ORDER** |

*Pro Se* Petitioner Barton L. Rippl filed the above-entitled Petition for a Writ of Habeas Corpus Under 5 U.S.C. § 703 and 28 U.S.C. § 2241 (ECF No. 1) and paid the $5.00 filing fee.[1] Rippl is not incarcerated nor is he challenging the manner in which a criminal sentence is being carried out. Petitioner alleges he has been denied issuance of a passport because he has no social security number or taxpayer identification number ("TIN") and has so advised the State Department on his passport renewal application and subsequent correspondence with the National Passport Center (ECF No. 1-2). Rippl claims he is entitled to a passport and that his liberty is being restrained because his ability to travel outside of the United States is restricted without a passport. Petitioner demands that the United States Department of State National Passport Center be ordered to issue him a passport.

---

[1] An application for a writ of habeas corpus has a $5 filing fee. *See* 28 U.S.C. § 1914(a).

(1:19CV2155)

Under § 2241, federal courts have jurisdiction to entertain habeas petitions only from prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has defined "custody" as a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam) (internal quotation marks and citation omitted). Conditional release on parole, probation, or bail also satisfy the "in custody" requirement. *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984). Rippl is not incarcerated in a jail or correctional facility, nor is he on parole, probation or released on bond pending trial. He contests the State Department requirement that he provide a TIN to obtain a passport. That does not meet the "in custody requirement." This habeas action is, therefore, dismissed for lack of jurisdiction. If Rippl wishes to pursue his claim, he will have to file a new general civil action and pay in full the civil-action filing fee of $400.00 or file a completed Application to Proceed Without Prepayment of Fees and Affidavit.[2]

---

[2] The claim in the case at bar could be construed as one under 28 U.S.C. § 1361. Under § 1361, federal courts have the authority to issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). Such actions are unquestionably civil in nature.

(1:19CV2155)

For the foregoing reasons, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 December 19, 2019         */s/ Benita Y. Pearson*
Date        Benita Y. Pearson
       United States District Judge